RAGO MACHINE PRODUCTS, INC., Plaintiff-Appellant, v. SHIELDS TECHNOLOGIES, INC., Defendant-Appellee.

Second District   No. 2—91—0019

Opinion filed August 11, 1992.

Donald C. Stinespring, of Donald C. Stinespring & Associates, of Richmond, and Burton A. Gross, of Chicago, for appellant.

James A. Campion and R. Mark Gummerson, both of Holmstrom & Kennedy, of Crystal Lake, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

The present appeal arises out of plaintiff's, Rago Machine Products, Inc.'s, breach of contract action against defendant, Shields Technologies, Inc. We dismiss the appeal for lack of jurisdiction.

On appeal, plaintiff purports to raise the following issues: (1) whether the trial court abused its discretion in striking plaintiff's untimely response to defendant's Rule 216 (134 Ill. 2d R. 216) request to admit; (2) whether defendant waived its right to rely on the request to admit; (3) whether the trial court erred in invoking the parol evidence rule to bar certain evidence; (4) whether the trial court erred in refusing to admit certain documents; and (5) whether the trial court's award of damages was adequately supported by the record. However, our ultimate disposition of this case makes it necessary to consider only the following issue: whether plaintiff's appeal must be dismissed for lack of jurisdiction.

A brief chronological review of the facts is necessary to a clear understanding of our resolution of this issue. On December 1, 1986, plaintiff filed its complaint seeking damages for defendant's alleged failure to pay the balance due under a contract for certain products which had been ordered by defendant from plaintiff. Defendant thereafter filed its counterclaim and subsequent amendments thereto, alleging that plaintiff failed to provide the requisite number of complete machine tool sets called for in the contract, that the tool sets failed to conform to contract dimensions and specifications, and that plaintiff failed to make delivery of the sets in a timely manner.

On March 20, 1989, the trial court entered an order striking plaintiff's untimely and unverified response to defendant's request to admit facts. On September 11, 1990, following the presentation of evidence on plaintiff's complaint, the court entered an order granting judgment in favor of defendant and against plaintiff on plaintiff's complaint. On December 6, 1990, the trial court entered an order granting judgment in favor of defendant and against plaintiff on defendant's counterclaim.

Twenty-seven days later, on January 2, 1991, plaintiff filed a notice of appeal. The notice stated that plaintiff was appealing from the trial court's orders of October 31, 1990, and December 6, 1990, and in addition specifically raised the five issues listed at the outset of this order. The notice did not state that plaintiff was appealing from the trial court's orders of March 20, 1990, or September 11, 1990. The record before us contains no order dated October 31, 1990. We also note that, although no such document was filed in the trial court or included in the record on appeal, plaintiff has included in the appendix to its brief an "Amended Notice of Appeal" which purports to also seek appeal from the March 20 and September 11 orders. This "Amended Notice of Appeal" also deletes reference to the nonexistent October 31 order.

On the same day that plaintiff filed its notice of appeal, January 2, 1991, defendant filed a motion for prejudgment interest pursuant to section 2 of the Interest Act (Ill. Rev. Stat. 1989, ch. 17, par. 6402). Plaintiff did not withdraw its notice of appeal, and the appeal proceeded simultaneously with the motion. On January 14, 1991, the trial court denied defendant's motion for prejudgment interest.

On July 8, 1991, defendant filed a motion to dismiss plaintiff's appeal or, in the alternative, to strike portions of plaintiff's brief and argument. In its motion defendant argues, inter alia, that since plaintiff failed to file a notice of appeal within 30 days of a "timely filed post-trial motion directed against the judgment," plaintiff's appeal

must be dismissed pursuant to Supreme Court Rule 303 (134 Ill. 2d R. 303). On July 16, 1991, this court ordered that defendant's motion to dismiss the appeal, along with plaintiff's response thereto, if any, be taken with the case.

■ We begin our analysis with a discussion of Supreme Court Rule 303, which governs the timing of appeals from final judgments of the circuit court. (134 Ill. 2d R. 303.) Subsection (a)(1) of that rule states that a notice of appeal must be filed within 30 days after entry of the final judgment appealed from, or "if a timely post-trial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending post-trial motion." (134 Ill. 2d R. 303(a)(1).) Subsection (a)(2) states that a notice of appeal filed before entry of an order disposing of the last pending post-trial motion has no effect and must be withdrawn by the party who filed it. This is so whether the post-trial motion was filed before or after the notice of appeal. A new notice of appeal must be filed within 30 days after entry of the order disposing of the last pending post-trial motion. 134 Ill. 2d 303(a)(2).

As noted above, defendant argues that its motion for prejudgment interest was a post-trial motion which extended the time for filing a notice of appeal from the trial court's judgment. It claims that the 30-day period for filing a notice of appeal did not begin to run until January 14, 1992, the date the trial court denied the prejudgment interest motion. Defendant claims that plaintiff's failure to file another notice of appeal within 30 days of the court's January 14, 1991, order left this court without jurisdiction to hear the merits of the case. Plaintiff has not responded to defendant's jurisdictional arguments, either in a reply brief or by way of a response to the motion to dismiss the appeal.

■ We must first consider whether defendant's motion for prejudgment interest qualifies as a post-trial motion. Section 2 of the Interest Act provides:

"Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance[;] on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment." Ill. Rev. Stat. 1989, ch. 17, par. 6402.

Section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203) authorizes the filing of post-trial motions in nonjury cases. That section provides:

> "(a) In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203(a).)

In all nonjury cases, therefore, for a motion to qualify as a "post-trial motion," it must specifically request one of the forms of relief enumerated in subsection (a) of section 2—1203. (*Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 461.) We believe it is clear that a motion for prejudgment interest under the Interest Act does not seek a rehearing, retrial or vacation of the trial court's judgment. Moreover, the supreme court has held that the "other relief" referred to in section 2—1203(a) must be similar in nature to the other forms of relief specified in this section. (*Marsh*, 138 Ill. 2d at 462.) Again, we do not believe that defendant's motion for prejudgment interest requested the trial court to grant any relief from the December 6, 1990, order.

Even if we were to construe defendant's motion for prejudgment interest as a motion to modify the judgment, it was not a post-trial motion within the meaning of Supreme Court Rule 303(a) because it was not a post-trial motion "directed against the judgment." (134 Ill. 2d R. 303(a).) Defendant in this case filed its motion for prejudgment interest after judgment was entered on plaintiff's complaint and defendant's counterclaim. Although the motion related to interest allegedly due and owing, based on the judgment amount awarded on the counterclaim, it did not attack that original judgment entered in defendant's favor.

Our conclusion that defendant's motion for prejudgment interest was not a "post-trial motion" does not, however, complete our analysis of whether plaintiff's appeal must be dismissed. We must still determine what effect the filing of the motion has on the appealability of the underlying judgments. In this regard, we must address the requirements of Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

Supreme Court Rule 304(a) governs the timing of appeals from final orders not disposing of all matters presented to the trial court. (134 Ill. 2d R. 304(a).) The rule provides as follows:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as

to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 134 Ill. 2d R. 304(a).

■ Under Rule 304(a), therefore, if a trial court's order disposes of fewer than all of the claims in an action, the court must make an express written finding that there is no just reason for delaying enforcement or appeal. Without the Rule 304(a) finding, a final order disposing of fewer than all of the claims is not an appealable order and does not become appealable until all of the claims have been resolved. (*Marsh*, 138 Ill. 2d at 464.) It has been stated that a "claim" is any right, liability or matter raised in an action. If an order does not resolve every right, liability or matter raised, it must contain an express written finding that there is no just reason for delaying enforcement or appeal. Otherwise, the order is not appealable. 138 Ill. 2d at 465.

■ We conclude that a motion for prejudgment interest constitutes a separate "claim" for purposes of Supreme Court Rule 304(a). (*Montgomery Ward & Co. v. Wetzel* (1981), 98 Ill. App. 3d 243, 249.) In *Wetzel*, the court held that a trial court's award of prejudgment interest was a ruling on a separate matter rather than a modification of an earlier judgment. (*Wetzel*, 98 Ill. App. 3d at 249-50.) In addition, the *Wetzel* court found that the trial court properly retained jurisdiction to dispose of the pending issue of prejudgment interest where the original order appealed from contained the requisite Rule 304(a) finding that there was no just reason for delaying enforcement or appeal from that order. (98 Ill. App. 3d at 250.) It is also clear that the request for prejudgment interest was a matter involved in the action, it was a possible right of the party requesting prejudgment interest, and it was a possible liability of the party opposing prejudgment interest. *Marsh*, 138 Ill. 2d at 465.

Accordingly, absent a valid Rule 304(a) finding, the judgments entered by the trial court denying plaintiff's breach of contract claim and granting judgment in favor of defendant on its counterclaim were not appealable until disposition of defendant's claim for prejudgment interest. In this regard, we must next consider whether the trial court's December 6, 1990, order complied with the express written

finding requirements of Rule 304(a). The order stated that judgment was entered in favor of defendant and against plaintiff and further found that "there is no just reason to delay the enforcement of this Order."

This court considered the requirements of Rule 304(a) in *Arachnid, Inc. v. Beall* (1991), 210 Ill. App. 3d 1096, and *Pettie v. Williams Brothers Construction, Inc.* (1991), 216 Ill. App. 3d 801. In *Beall*, the order appealed from included a finding of the court "that its prior order of April 24, 1990, was 'a final judgment as to the various causes of action set forth therein' and was 'final as to fewer than all the claims set forth in the Counterclaim; there being no just reason for delaying appeal therefrom, the Court so orders.'" (*Beall*, 210 Ill. App. 3d at 1101.) The order appealed from in *Pettie* stated, "[p]ursuant to Supreme Court Rule 304(a), there is no just reason for delaying appeal of the order of October 5, 1990." (*Pettie*, 216 Ill. App. 3d at 803.) In both *Beall* and *Pettie*, we stated that "'for a trial court's finding under Rule 304(a) to confer jurisdiction to a reviewing court, the finding must address both prongs: enforceability and appealability; moreover, the finding must also track the language expressly stated in the rule.'" (*Pettie*, 216 Ill. App. 3d at 803, quoting *Beall*, 210 Ill. App. 3d at 1102.) In both instances, therefore, the cases were dismissed for failure to track the express language of the rule. *Pettie*, 216 Ill. App. 3d at 804; *Beall*, 210 Ill. App. 3d at 1103.

The trial court's finding in the instant case, "that there is no just reason to delay the enforcement of this Order," tracks the express language of Rule 304(a) no better than the orders found to be insufficient in *Pettie* and *Beall*. Since the court's finding did not include the word "appeal," it fails to satisfy the specific requirements of Rule 304(a). As such, we must dismiss plaintiff's appeal.

■ As a final matter, we wish to point out that plaintiff has also failed, at least in part, to comply with Supreme Court Rule 341(e)(4)(ii) (134 Ill. 2d R. 341(e)(4)(ii)), which provides in pertinent part as follows:

"(ii) In a case appealed to the Appellate Court, a brief statement or explanation under the heading 'Jurisdiction' of the basis for appeal, *e.g.*, whether as a final judgment under Rule 301 or Rule 304(a) or (b); or as an interlocutory appeal pursuant to Rule 306, Rule 307 or Rule 308." (134 Ill. 2d R. 341(e)(4)(ii).)

Here, plaintiff's jurisdictional statement simply listed the orders from which it purported to appeal. It did not specify any rule under which appellate jurisdiction supposedly attached. The purpose of the jurisdictional statement is to set forth the jurisdictional basis for the appeal.

Here, plaintiff has not provided us with a proper jurisdictional basis, nor has it addressed the merits of the questions raised by defendant in regard to this court's jurisdiction. When presented with a similar situation in *Dillard v. Kean* (1989), 183 Ill. App. 3d 28, this court stated that we were not "required to do plaintiff's homework for him and then grade it as well." 183 Ill. App. 3d at 31.

In any event, for the reasons stated above, we conclude that plaintiff's appeal must be dismissed.

Appeal dismissed.

GEIGER and UNVERZAGT, JJ., concur.