Pearl **HAYNES, Plaintiff,**

v.

**HINSDALE HOSPITAL, an Illinois not for profit corporation, Defendant.**

No. 92 C 8496.

United States District Court, N.D. Illinois.

Jan. 19, 1995.

Edward Eugene Robinson, Chicago, IL, for plaintiff.

Stephen David Erf, David Brian Montgomery, Christine M. Drylie, McDermott, Will & Emery, Chicago, IL, for Hinsdale Hosp.

## MEMORANDUM ORDER AND OPINION

GETTLEMAN, District Judge.

Plaintiff brings this diversity jurisdiction breach of contract action alleging that defendant dismissed her from its School of Medical Technology (the "School"), without cause, in breach of defendant's policies and procedures. Before the Court is defendant's motion for summary judgment, along with supporting and opposing memoranda, affidavits and exhibits. For the reasons stated below, the Court grants defendant's motion.

### Facts

Plaintiff was a student of the School's seven week phlebotomy program (the "Program") in 1988.[1] Plaintiff participated in every aspect of the Program: classroom lectures, written examinations and clinical training. Throughout the Program there were five exams including the final exam. The final exam was administered on March 4, 1988. Plaintiff took each exam, repeating the fourth exam, and received the following scores: 72.9% on the first exam; 72.3% on the second exam; 62% on the third exam; 40% on her first attempt of the fourth exam; 54.3% on her second attempt of the fourth exam; and 89% on her final exam.

Plaintiff received a memorandum dated March 7, 1988 (the "Memo"), from two Program instructors, Sandra Spencer and Audrey Claussen ("Claussen"), informing her that, "[d]ue to the low scores you have achieved on the four exams that have been given to date we will not be able to give you a passing grade at the end of the normal seven week training period." Plaintiff was placed on probation, and notified that she

---

1. Phlebotomy is the medical term for the practice of drawing blood.

would have to achieve a passing grade in five areas. The Memo stated:

During your probation you will need to achieve a passing grade in the following areas to graduate.

1 You will be given the fourth test a third time, you must have a score no lower than 80% to continue this program.

2 Your phlebotomy skill must show a marked improvement as observed by your instructor Audrey Claussen in your next week in the out-patient area.

3 Communication between you and your patients should strive to consider the patients needs more than the present level. Clear concise instructions must be given for your patients to understand each procedure.

4 Be aware of your surroundings, handle patients GENTLY. Older patients sometimes cannot move thier [sic] arms as freely as younger patients can.

5 Listen to your teachers carefully and let them explain procedures to you before you ask questions.

Plaintiff re-took the fourth exam for the third time on March 9, 1988, and received a 76.5%. She participated in rounds with two phlebotomists, Robin Siegler ("Siegler") and Jean Holt ("Holt"), on March 10th and March 11th, and received negative feedback from both phlebotomists. On March 17, 1988, plaintiff was expelled from the Program based on her performance, both prior to and during her probationary period.

## Summary Judgment

Under Fed.R.Civ.P. 56(c), a court should grant a summary judgment motion if "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." The burden is on the moving party to identify portions of the pleadings, answers to interrogatories, and affidavits which demonstrate an absence of a genuine issue of material fact. *Id.; Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c). When reviewing a summary judgment mo-

tion, the court must read the facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

Where the party opposing summary judgment bears the burden of proof on a dispositive issue, she must offer specific evidence demonstrating a factual basis on which she is entitled to relief. *Id.*, 477 U.S. at 256, 106 S.Ct. at 2514. The party may not rely on conclusory allegations or speculation alone to oppose summary judgment. *Anderson v. Stauffer Chemical Co.*, 965 F.2d 397, 402 (7th Cir., 1992). The non-moving party must set forth specific facts, through affidavits or other materials, that demonstrate disputed material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256, 106 S.Ct. at 2514. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.*, 477 U.S. at 247–48, 106 S.Ct. at 2510 [emphasis in original].

### Breach of Contract

Illinois courts employ a two-step analysis to determine whether an educational institution has committed a breach of contract with its students: (1) whether the institution has breached a promise made either explicitly or through its academic bulletins or application forms; and (2) whether the school acted arbitrarily, capriciously and in bad faith. *DeMarco v. University of Health Sciences*, 40 Ill.App.3d 474, 480–481, 352 N.E.2d 356, 361–362 (1st Dist., 1976); *Aronson v. North Park College*, 94 Ill.App.3d 211, 215–217, 49 Ill.Dec. 756, 760–761, 418 N.E.2d 776, 780–781 (1st Dist., 1981). A contract between an educational institution and a student confers duties on both the parties which cannot be arbitrarily disregarded. *Steinberg v. Chicago Medical School*, 69 Ill.2d 320, 332, 13 Ill.Dec. 699, 371 N.E.2d 634 (1977).

The first issue is whether the Program promised to certify plaintiff (or not to expel her), regardless of her performance, either through its application forms or its academic bulletins. In plaintiff's application form, there are no statements promising that a

student will graduate or be certified. Plaintiff testified in her deposition that defendants did not make any oral promises during the application process. Further, plaintiff does not allege, nor has any evidence been submitted, that any promises were made in defendant's academic bulletins describing the Program.[2]

■ In her complaint, plaintiff alleges that defendant "dismissed her from the [Program] in breach of her specific contract with defendant and in breach of defendant hospital's general duty to deal fairly." Plaintiff appears to base her allegations on the Memo. Under the terms of her probation, defendants would issue plaintiff "a certificate stating that [she had] met all the requirements to qualify ... to function as a phlebotomist at the Hinsdale School of Medical Technology" *if* she achieved all of the conditions of her probation.

The uncontroverted evidence shows that plaintiff did not achieve all of the conditions of her probation. Plaintiff did not show improvement, let alone "marked improvement," in any of the probationary areas. Defendant submits two student appraisal letters from phlebotomists Siegler and Holt, dated March 10 and 11th, 1988, describing plaintiff's "brutal" treatment of patients, her lack of knowledge of the phlebotomy equipment, and her inability to take instruction from phlebotomists. In her appraisal, Holt wrote that plaintiff did not use the proper procedure for "sticking,"[3] left an open dirty needle on top of a hazard box, and left a urinal in a patient's bed. Further, Claussen, plaintiff's instructor, testified that she had spent "many, many hours" of her own time trying to help plaintiff out, yet, "if she might get one thing one time, the next time she would forget something else."

Citing *Montgomery Ward & Co. v. Wetzel*, 98 Ill.App.3d 243, 53 Ill.Dec. 366, 370, 423 N.E.2d 1170, 1174 (1981), plaintiff argues that summary judgment is inappropriate for two reasons: (1) plaintiff disagrees with Holt's assessment of plaintiff's bedside manner based on an incident that occurred during her enrollment; and (2) plaintiff alleges that in the Memo, she was promised a reevaluation by Claussen that she did not receive. In *Wetzel*, the Illinois Appellate Court held that summary judgment should not be granted where "inferences sought to be drawn by the parties concern questions of motive, intent or subjective feeling." Based on these arguments, plaintiff claims that her case must be put to the finder of fact for a determination of the issues of whether her dismissal was arbitrary and capricious.

■ Addressing plaintiff's first argument, the Court finds that plaintiff's difference in judgment is immaterial and does not constitute a genuine issue of a material fact. The first argument is based on Holt's evaluation that plaintiff's comments to a patient were inappropriate. In the incident in question, plaintiff had asked a patient who had undergone a double mastectomy why she was in the hospital if she had just recently had a baby. Plaintiff asserts that in "someone else's subjective judgment," this comment might be seen as a "highly appropriate gesture of cordiality and concern."

Even if the Court agrees with plaintiff's judgment, which it does not, this difference of opinion is immaterial and does not alter the fact that defendant based its decision to expel plaintiff on all of the facts surrounding the conditions of plaintiff's probation: plaintiff failed to achieve the necessary score on her make-up exam (this empirical fact alone would justify plaintiff's expulsion); plaintiff failed to improve her phlebotomy skills; plaintiff failed to improve her communication skills or handling of the patients; and, plaintiff failed to improve her ability to listen and take constructive criticism from her teachers. Based on the totality of defendant's evidence

---

2. Lee A. Forsythe, director of the School, testified that the Program bulletins distributed to prospective students in 1988 are no longer in existence. Defendant attached a copy of its current Program description to its brief. This description does not contain any promises that students will graduate or receive a certificate of completion of the Program. The only mention of certification in the description is defendant's reference that "[c]ertification examinations are available through ASCP, NCA and NPA."

3. The term "sticking" refers to the process of inserting a needle into a patient for drawing blood.

showing plaintiff's dismissal was not arbitrary and capricious, the Court finds that plaintiff's difference of opinion is irrelevant and does not constitute a genuine issue of material fact.

■ Plaintiff's second argument is not supported by the evidence. Plaintiff argues that under the terms of the Memo, Claussen was required to reevaluate her performance at the end of the probation period.[4] The Court does not agree with plaintiff's interpretation that the second term of probation means that defendant was obligated to cause Claussen personally to evaluate plaintiff's performance. Even if it did, the fact that plaintiff did not meet the other four conditions of her probation are enough, under the terms of this contract, to warrant plaintiff's dismissal. Prior to defining the five areas of evaluation under probation, the Memo states: "[d]uring your probation you will need to achieve a passing grade in the following areas to graduate." Even if defendant could arguably have met one of the conditions of probation, the evidence before the Court supports defendant's argument that plaintiff's dismissal was not arbitrary and capricious.

### Conclusion

For the reasons set forth above, the Court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgement is granted.

---

4. While plaintiff does not cite to the language in the Memo which would support this argument, the Court assumes that it is based on the wording of the second of the five conditions of probation as stated above.