NOTICE

Decision filed 03/22/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210151-U

NO. 5-21-0151

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| RICK STUMEIER, as Assignee of Scott Lankford, | ) ) ) | Appeal from the Circuit Court of Effingham County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19-L-19 |
| HOWARD JANIS, | ) ) | Honorable Jeffrey A. DeLong, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's order granting summary judgment in favor of the defendant is affirmed where the plain language of an indemnification provision contained in a timber cutting agreement entered into between the defendant and a third party indicated it was inapplicable when the defendant relied on the third party to mark the boundary lines between his and the plaintiff's property instead of marking those boundary lines himself.

1

¶ 2    The plaintiff, Rick Stumeier, as assignee of Scott Lankford,[1] appeals the circuit court of Effingham County's order granting summary judgment in favor of the defendant, Howard Janis.  For the reasons that follow, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    Janis and Stumeier were neighbors.  On April 3, 2013, Janis entered into a timber purchase agreement (agreement) with Timber Marketing Service (Timber Marketing) in which Timber Marketing agreed to cut certain timber from Janis's property.  Lankford signed the contract on behalf of Timber Marketing.  The indemnity provision of the agreement stated as follows:

> "[Janis] agrees to designate by stakes or other markers appropriately placed, the boundary lines of property on which said timber is located.  [Janis] agrees to indemnify and save harmless [Lankford] from any claims of third parties for damages resulting from errors in location of said boundary lines."

¶ 5    Janis did not mark the property's boundary lines with stakes or any other markers. Lankford removed trees from Janis's property but also mistakenly removed trees from Stumeier's property.  Thereafter, Stumeier secured a judgment against Lankford (case No. 15-L-38) in the amount of $324,953.70.  After the judgment was entered, Stumeier accepted an assignment of Lankford's right of indemnity, which was based on the agreement between Lankford and Janis.

¶ 6    In May 2019, Stumeier filed a complaint against Janis, seeking indemnity for the $324,953.70 that Lankford was ordered to pay in the previous case; Stumeier argued that

---

[1]The captions of the parties' appellate briefs say Langford, but, throughout the record, he is referred to as both Langford and Lankford.  Since the assignment that he signed identifies him as Lankford, that is the name we will use in this decision.

his right to bring a lawsuit against Janis was through Lankford. In September 2019, the trial court entered an order dismissing the complaint. Thereafter, in April 2020, this court vacated the trial court's order of dismissal and remanded for further proceedings. *Stumeier v. Janis*, 2020 IL App (5th) 190405-U.

¶ 7 After remand, on December 7, 2020, Stumeier filed a first amended complaint, arguing that the $324,953.70 judgment had not been paid; the judgment was entered for damages resulting in errors in locating the boundary lines of Stumeier's property; Stumeier, as an assignee of Lankford, made a demand upon Janis for indemnity pursuant to the agreement, but Janis refused; and Janis's failure to indemnify Lankford and Stumeier was a breach of the agreement.

¶ 8 On March 15, 2021, Janis filed a motion for summary judgment, contending that Lankford never asked Janis to indemnify him, and Lankford's failure to request indemnification prevented Stumeier, as Lankford's assignee, from seeking indemnification. Janis also argued that the indemnification provision dealt specifically with errors made by Janis in marking the property's boundaries. Thus, had Janis incorrectly marked the property's boundaries, and Lankford was found liable, Janis would be required to indemnify Lankford. However, as Janis did not mark any of the property's boundaries, the indemnity clause was inapplicable.

¶ 9 In support of this argument, Janis pointed to Lankford's evidence deposition testimony where Lankford indicated the following: (1) it was not Janis's responsibility to provide any plats or other diagrams noting the property's lines; (2) Lankford's father used the plat books and aerials of the property to determine the boundaries of Janis's property;

3

(3) from the beginning, Janis and Lankford agreed that Lankford and his father would mark the boundaries; and (4) Lankford and his father never relied on the property owner's identification of the property lines. Therefore, Janis contended that, despite the language of the agreement, he and Lankford intended that Lankford would be responsible for marking the boundaries, and they acted on this intent when Janis did not mark any of the boundaries and relied on Lankford to determine the property lines.

¶ 10   Janis also argued that, for Lankford to receive indemnity, the indemnity provision would need to state, in clear and explicit language, that Janis was indemnifying Lankford for any mistakes that Lankford made in marking the boundaries.  However, since the provision merely provided that Janis would be liable for his own negligence in failing to properly mark the boundaries, and did not mention anything about indemnifying Lankford for Lankford's own negligence, it cannot be enforced against Janis.  Thus, Janis had no duty to indemnify, and summary judgment must be entered in his favor.

¶ 11   On May 6, 2021, Stumeier filed a response to the motion for summary judgment, arguing that Janis agreed to mark the property lines and indemnify Lankford for any third-party claims for damages resulting from errors in locating the boundaries.  Because Janis breached the agreement by failing to properly mark the property's boundaries, he was required to indemnify Lankford.

¶ 12   On May 20, 2021, the trial court entered an order granting summary judgment in favor of Janis.  In the order, the court found that the indemnity provision in the agreement was not ambiguous and provided that Janis agreed to stake and mark the appropriate boundary lines and agreed to indemnify Lankford for any third-party claims for Janis's

4

errors in locating the aforementioned boundaries. The court noted that the deposition testimony from both Janis and Lankford was clear; Lankford testified that he and his father researched and marked the boundary lines themselves while Janis testified that he relied on Lankford, as the expert, when marking the boundaries. The court found that the indemnity provision's two sentences must be read together, and, when doing so, it was clear that Janis was to indemnify Lankford if Janis erred in identifying the boundary lines. However, because it was undisputed that Janis never marked the property lines, and the indemnity provision did not provide for indemnity for *any* errors in locating the boundaries, the court found no genuine issue of material fact and granted summary judgment in favor of Janis. Stumeier appeals.

¶ 13                                    II. ANALYSIS

¶ 14    The purpose of summary judgment is to determine whether a genuine issue of material facts exists, not to resolve a question of fact. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). An order granting summary judgment is proper when the pleadings, affidavits, depositions, and admissions of record show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Colvin v. Hobart Brothers*, 156 Ill. 2d 166, 169 (1993). This relief is an appropriate tool to employ in the expeditious disposition of a lawsuit, but it should only be allowed when the right of the moving party is clear and free from doubt. *Id*. at 169-70. Our review of an order granting summary judgment is *de novo*. *Rettig v. Heiser*, 2013 IL App (4th) 120985, ¶ 30.

¶ 15    An indemnity agreement is a contract subject to contract interpretation rules. *Charter Bank v. Eckert*, 223 Ill. App. 3d 918, 925 (1992). The fundamental rule of contract

construction is to give effect to the parties' intent, as discerned from the contract language. *Virginia Surety Co. v. Northern Insurance Co. of New York*, 224 Ill. 2d 550, 556, (2007). When construing an indemnification agreement, the agreement must be given a fair and reasonable interpretation based upon a consideration of all the language and provisions. *Bates v. Select Lake City Theater Operating Co.*, 78 Ill. App. 3d 153, 155 (1979). The interpretation of any indemnity agreement depends on the particular language of the agreement and the factual setting of the case. *Svenson v. Miller Builders, Inc.*, 74 Ill. App. 3d 75, 88 (1979). Unless the indemnity agreement is ambiguous, its meaning will be determined from the words used. *Montgomery Ward & Co. v. Wetzel*, 98 Ill. App. 3d 243, 251 (1981). The contractual language is not ambiguous just because the parties disagree as to its interpretation. *Midway Park Saver v. Sarco Putty Co.*, 2012 IL App (1st) 110849, ¶ 13. It is well settled that indemnity contracts are strictly construed and will not be construed as indemnifying against a party's own negligence unless such a construction is required by the clear and explicit language of the contract. *Bituminous Casualty Corp. v. Plano Molding Co.*, 2015 IL App (2d) 140292, ¶ 8.

¶ 16     Here, the sole issue is the interpretation of the indemnity provision in the agreement entered into between Janis and Lankford. As noted above, the indemnity provision stated as follows:

> "[Janis] agrees to designate by stakes or other markers appropriately placed, the boundary lines of property on which said timber is located. [Janis] agrees to indemnify and save harmless [Lankford] from any claims of third parties for damages resulting from errors in location of said boundary lines."

6

Therefore, under this indemnity provision, Janis agreed to mark the boundary lines of the property. However, it was undisputed that Janis did not mark the boundaries. Instead, Lankford accepted responsibility for marking the boundary lines himself. The question on appeal is whether, under the above indemnity provision, Janis was required to indemnify Lankford from any third-party claims from errors in marking the boundary lines when Lankford, not Janis, marked the boundaries.

¶ 17    Stumeier argues that Janis agreed to indemnify Lankford for *any* errors in the location of the boundary lines. In contrast, Janis contends that the indemnity provision was inapplicable here because Janis did not mark the boundary lines; in other words, the indemnity provision only applied if Janis marked the boundaries of the property. We find no ambiguity in the terms of the indemnity provision. Reading the two sentences of the indemnity provision together, we conclude that a fair and reasonable interpretation is that (1) Janis agreed to mark the boundary lines himself; and (2) if he incorrectly marked "said boundary lines," and Lankford became liable, then he was required to indemnify Lankford. Thus, the provision, which we must strictly construe, specifically dealt with errors made by Janis when marking the boundaries; it did not mention anything about Janis assuming liability for Lankford's errors in marking the property lines. Because Janis did not mark the boundary lines, the indemnity provision was not applicable here.

¶ 18    Although Stumeier argues that this interpretation of the indemnity provision makes the clause meaningless because Janis avoids liability merely by breaching the contract (*i.e.*, not marking the lines), we find this argument unpersuasive. The indemnification provision protects Lankford if Janis does mark the boundary lines, Lankford relies on Janis's

identification of the boundaries, and Lankford is subject to liability. Under our interpretation of the indemnification provision, if Lankford wanted to avoid liability for mistakes in the boundary lines, then he should not have accepted responsibility for marking those lines himself. He lost his protection from liability when he voluntarily decided to mark the property lines; thus, it was his own actions that rendered the indemnification provision inapplicable. Accordingly, we find that the trial court properly granted summary judgment in Janis's favor.

¶ 19                                     III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of Effingham County.

¶ 21    Affirmed.