951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 PRODUCTION CREDIT ASSOCIATION OF SOUTHERN NEW MEXICO,
Plaintiff-Appellee,
v.
ALAMO RANCH COMPANY, Defendant-Appellant.
 No. 90-2188.
 United States Court of Appeals, Tenth Circuit.
 Dec. 24, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant appeals from the district court's Findings of Fact and Conclusions of Law. The initial issue before us is whether the district court entered an appealable judgment, see Fed.R.Civ.P. 58, such that we have jurisdiction to consider this appeal. We conclude we do not have jurisdiction and, thus, do not consider the merits of this appeal.
 
 
 4
 Plaintiff commenced this diversity action against Defendant seeking damages for the care and feeding of Defendant's cattle. After trial to the court, the district court entered Findings of Fact and Conclusions of Law on August 8, 1990. The Findings of Fact and Conclusions of Law consisted of fourteen pages of discussion of the issues and the reasoning for the court's decision. The final paragraph of the Findings of Fact and Conclusions of Law, however, stated that "IT IS ORDERED that Alamo Ranch pay to the plaintiff the sum of $47,550.63, together with interest on that sum, pursuant to N.M.Stat.Ann. § 56-8-3 (1978), at the annual rate of 15% from October 1, 1985." Although no separate judgment was filed or entered, on an unknown date, FINAL ENTRY was typed on the docket sheet.
 
 
 5
 On September 6, 1990, Defendant filed its Notice of Appeal, stating that it did not believe the Findings of Fact and Conclusions of Law were a final order as contemplated by Rule 58. It indicated that it filed the Notice of Appeal only to protect itself. The following day, Defendant filed a Motion for Reconsideration. Plaintiff responded to the motion. The district court has not ruled on the motion.
 
 
 6
 Federal Rule of Appellate Procedure 4(a)(1) requires that a Notice of Appeal be filed "within 30 days after the date of entry of the judgment or order appealed from...." "A judgment or order is entered ... when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure." Fed.R.App.P. 4(a)(6). Rule 58 provides that a judgment must be set forth on a separate document.[1] The judgment set forth on a separate document must be entered in accordance with Rule 79(a). Fed.R.Civ.P. 58. Rule 79(a) details the docketing procedure to be followed by the district court clerk in entering judgment.
 
 
 7
 Ordinarily, a separate judgment must be entered before there is a final appealable order. See United States v. Indrelunas, 411 U.S. 216, 221-22 (1973). The purpose of the separate document rule is to clarify when the time for appeal begins to run. Pratt v. Petroleum Prod. Management Inc. Employee Sav. Plan & Trust, 920 F.2d 651, 655 (10th Cir.1990); see Bankers Trust Co. v. Mallis, 435 U.S. 381, 384 (1978). Under the circumstances of this case, however, we need not determine whether a final judgment has been entered.
 
 
 8
 Under Fed.R.App.P. 4(a)(2), "a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof." "Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment ... when a district court announces a decision that would be appealable if immediately followed by the entry of judgment." FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 111 S.Ct. 648, 653 (1991).
 
 
 9
 In this case, Defendant's confusion concerning the finality of the Findings of Fact and Conclusions of Law is understandable. The district court's Findings of Fact and Conclusions of Law was a decision of the court, which clearly would have been appealable if the court had entered judgment immediately thereafter in accordance with Rules 58 and 79(a). Cf. FirsTier Mortgage Co., 111 S.Ct. at 653. Due to the confusion, Defendant reasonably filed a protective notice of appeal.
 
 
 10
 Because the district court did not enter judgment, the notice of appeal was premature. Although the notice of appeal was premature, Defendant is protected by its premature notice of appeal. The premature notice of appeal will ripen after the district court rules on the Motion for Reconsideration and enters final judgment. Cf. id. at 652. The burden is on the district court and prevailing party to remove doubt about the finality of the Findings of Fact and Conclusions of Law.
 
 
 11
 Accordingly, we conclude we have no jurisdiction to consider this appeal. The appeal is DISMISSED, and the action is REMANDED to the district court for further proceedings.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After trial to a court, the court shall make findings of fact and conclusions of law, and "judgment shall be entered pursuant to Rule 58...." Fed.R.Civ.P. 52(a)