GRAND COUNTY CUSTOM
HOMEBUILDING, LLC,
Plaintiff–Appellee,

v.

Fred L. BELL, a/k/a Fred Bell; Janice M. Bell, a/k/a Jan Bell; and Fred L. Bell Family Trust, Defendants–Appellants.

No. 05CA2778.

Colorado Court of Appeals,
Div. A.

Sept. 21, 2006.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24511105, C.R.S.2005.

Peterson Dymond Reagor, LLP, David D. Schlachter, Douglas W. Colville, Ashley R. Chagnon, Greenwood Village, Colorado, for Plaintiff–Appellee.

Fred L. Bell, Pro Se.

Janice M. Bell, Pro Se.

Fred L. Bell Family Trust, Pro Se.

Opinion by Judge WEBB.

Plaintiff–Appellee, Grand County Custom Homebuilding, LLC, (GCCH), moves to dismiss that portion of this appeal regarding the

August 11, 2005, judgment for failure to file a timely notice of appeal. Defendants–Appellants, Fred L. Bell, Janice M. Bell, and the Fred Bell Family Trust (Bells), have responded. Upon consideration of the motion and the response, we deny the motion to dismiss and allow the appeal to proceed.

## I. Facts

On August 11, 2005, the trial court entered judgment for $27,855 in favor of GCCH and against the Bells on their breach of construction contract claim. The judgment included the following language: "The foregoing Order shall serve as Judgment subject to amendment for any interest sought to be awarded on the sum determined by the Court to be due as damages."

GCCH then filed a combined request for costs, interest, and attorney fees. The Bells responded, contesting, among other things, the method for calculating prejudgment interest. On November 7, 2005, the trial court awarded costs, attorney fees, and prejudgment interest. The order adopted the Bells' approach to calculating prejudgment interest.

The Bells filed a notice of appeal on December 30, 2005, seeking to appeal both the judgment and the order.

GCCH moved to dismiss the appeal regarding any issue arising from the judgment, arguing that because it was final and appealable (even though the court had not reduced prejudgment interest to a sum certain), the December 30, 2005, notice of appeal was untimely as to the judgment.

## II. Applicable Law

■ In most civil actions, the notice of appeal must be filed in the appellate court "within forty-five days of the date of the entry of the judgment, decree, or order from which the party appeals." C.A.R. 4(a). The timely filing of a notice of appeal is jurisdictional. *People in Interest of A.J.H.*, 134 P.3d 528 (Colo.App.2006).

■ A judgment is final and therefore appealable if it disposes of the entire litigation on its merits, leaving nothing for the court to do but execute on the judgment. *Kempter v. Hurd*, 713 P.2d 1274 (Colo.1986). Hence, an order or judgment establishing liability without determining damages is not final or appealable. *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982).

■ Most attorney fees awards are appealable separately from the underlying judgment on the merits. *Baldwin v. Bright Mortgage Co.*, 757 P.2d 1072, 1073 (Colo. 1988) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199, 108 S.Ct. 1717, 1720, 100 L.Ed.2d 178 (1988): "[a] question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order").

■ In *Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936, 941 (Colo.1993), however, the supreme court distinguished attorney fees that are "simply the consequence of a contractual agreement to shift fees to a prevailing party," as described in *Baldwin v. Bright Mortgage Co., supra*, from attorney fees that are damages, such as in an insurance bad faith case. Attorney fees that are a part of damages must be reduced to a sum certain before a judgment becomes final for purposes of appeal. *Ferrell v. Glenwood Brokers, Ltd., supra*.

■ Section 5–12–102(1), C.R.S.2005, permits recovery of prejudgment interest on money or property wrongly withheld. *Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362 (Colo.1989); *Porter Constr. Servs., Inc. v. Ehrhardt, Keefe, Steiner, & Hottman, P.C.*, 131 P.3d 1115 (Colo.App.2005). The purpose of § 5–12–102(1) is to discourage responsible parties from delaying payment until judgment or settlement, and "represents a legislative determination that persons suffer a loss when they are deprived of property to which they are legally entitled." *Mesa Sand & Gravel Co. v. Landfill, Inc., supra*, 776 P.2d at 364.

We conclude that, because prejudgment interest is like attorney fees as damages, the notice of appeal was timely as to the judgment.

### III. Prejudgment Interest as Damages

GCCH first contends that because an award of prejudgment interest cannot be determined until liability and damages have been established, such interest is like attorney fees, and therefore a judgment is final for purposes of appeal even if the amount of interest has not been determined. We disagree.

■ GCCH's attorney fees analogy is not dispositive because attorney fees are sometimes awarded as damages. *Ferrell v. Glenwood Brokers, Ltd., supra.* Later determination of the amount of such an award, like a later determination of the amount of prejudgment interest, does not alter the substance of an earlier decision on the merits. Nevertheless, the judgment is not final and appealable until the amount of attorney fees as damages has been determined. *Farmers Reservoir & Irrigation Co. v. City of Golden,* 113 P.3d 119 (Colo.2005).

Other jurisdictions recognize this distinction and hold that, because prejudgment interest is awarded as a consequence of the losing party's tortious action or breach of contract, interest is not akin to attorney fees which are awarded as a fee-shifting measure. *See, e.g. Osterneck v. Ernst & Whinney,* 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); *Balf Co. v. Spera Constr. Co.,* 222 Conn. 211, 608 A.2d 682 (1992); *McGurn v. Scott,* 596 So.2d 1042 (Fla.1992); *Miller v. First Int'l Fid. & Trust Bldg., Ltd.,* 165 Ohio App.3d 281, 846 N.E.2d 87 (2006)(*appeal allowed* May 10, 2006).

Before applying this distinction here, we note that the parties cite no Colorado case, nor have we found any, broadly holding that prejudgment interest is a component of damages. *Cf. Bedard v. Martin,* 100 P.3d 584, 589 (Colo.App.2004)("[I]nterest may be an element of damages in a breach of warranty case. But this interest cannot be recovered apart from the underlying debt ...." (citation omitted)).

Most jurisdictions addressing the issue have held prejudgment interest to be a component of damages. *See, e.g., Osterneck v. Ernst & Whinney, supra; Monessen S.W. Ry. v. Morgan,* 486 U.S. 330, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988); *West Virginia v. United States,* 479 U.S. 305, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987); *Webco Indus., Inc. v. Thermatool Corp.,* 278 F.3d 1120 (10th Cir. 2002); *Mercer v. Magnant,* 40 F.3d 893 (7th Cir.1994).

Under the principle that prejudgment interest is damages, the interest awarded must be reduced to a sum certain before the judgment containing the award becomes final for purposes of appeal. *See, e.g., Rago Mach. Prods., Inc. v. Shields Techs., Inc.,* 233 Ill. App.3d 140, 174 Ill.Dec. 135, 598 N.E.2d 332 (1992); *McHaffie v. Bunch,* 951 S.W.2d 340 (Mo.Ct.App.1997); *Zamarripa v. Sifuentes,* 929 S.W.2d 655 (Tex.App.1996). GCCH cites no contrary out-of-state authority. We consider these decisions to be well reasoned and follow them here.

■ Accordingly, we conclude that a judgment awarding prejudgment interest is not final until the amount of such interest is reduced to a sum certain.

### IV. Computability of Interest from the Face of the Judgment

■ Alternatively, GCCH contends the judgment, which recognized GCCH's right to recover prejudgment interest, was final and appealable because calculating the amount of such interest is a purely ministerial or collateral act. We disagree.

GCCH cites no Colorado authority, and we have found none, applying such a test to determine finality. However, some courts in other jurisdictions have held that where a sum certain can be calculated from the face of the judgment, it is final for purposes of appeal. *See, e.g., Herzog Contracting Corp. v. McGowen Corp.,* 976 F.2d 1062, 1064 (7th Cir.1992) ("The amount of interest was computable simply by multiplying the face amount of the notes by the interest rate for the period between when the notes matured and when the judgment was entered."); *In re Chicago, Milwaukee, St. Paul & Pacific R.R.,* 961 F.2d 1260, 1264 (7th Cir.1992) ("a final judgment in the jurisdictional sense connotes a claim that has been calculated precisely (or easily can be) and has been approved by a judge").

Even assuming, without deciding, that Colorado would adopt this approach, here the amount of prejudgment interest is not so easily calculable from the face of the August 11, 2005 judgment.

Section 5–12–102(4)(b), C.R.S.2005, establishes the per annum rate of prejudgment interest. And the judgment awarded damages to GCCH in a sum certain, $27,855.

But the trial court awarded the $27,855 in damages only after giving the Bells an offset of $13,250 against total damages to GCCH of $41,105. This total includes two "unpaid installments" under the construction contract and twelve charges for separate change orders. And the Bells' offset includes damages for deficient work in two aspects of the construction.

Further, the judgment does not say when the Bells were obligated to pay the various amounts that the court determined they owed to GCCH. Nor does the judgment explain when the Bells were entitled to the offset for deficient work.

Accordingly, we conclude that the amount of prejudgment interest could not be calculated as a purely ministerial act from the face of the judgment.

The motion to dismiss is denied.

Judge LOEB and Judge RUSSEL concur.