2012 COA 201

**Rose Marie HALL, Plaintiff–Appellee,**

**v.**

**AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, Defendant–Appellant.**

**No. 12CA0681.**

Colorado Court of Appeals, Div. C.

Nov. 8, 2012.

§ 24–51–1105, C.R.S.2012.

Jeffrey R. Hill, P.C., Jeffrey R. Hill, Colorado Springs, CO; The Fowler Law Firm, LLC, Timms R. Fowler, Fort Collins, CO, for Plaintiff–Appellee.

Debra Sutton & Associates, P.C., Debra K. Sutton, Littleton, CO; Sutton & Gulley, P.A., Scott C. James, Littleton, CO, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

¶ 1 Defendant, American Standard Insurance Company of Wisconsin (American Standard), appeals from a monetary judgment entered against it in favor of plaintiff, Rose Marie Hall. This court issued show cause orders concerning two separate finality issues relating to that monetary judgment. Upon consideration of the parties' responses to these show cause orders, we dismiss the appeal without prejudice for lack of jurisdiction because no final, appealable judgment has been entered at this point. As a matter of first impression, we hold that when a plaintiff files a claim against an insurer under section 10–3–1116(1), C.R.S.2012, alleging that the insurer has unreasonably delayed or denied payment of covered benefits, attorney fees and costs are a component of damages and must be determined before a final judgment can be entered.

I. Factual and Procedural Background

¶ 2 Following a jury trial, the trial court entered a monetary judgment in December 2011 in favor of Hall and against American Standard, her insurer, on two of her claims. First, on her statutory claim under sections 10–3–1115 and 10–3–1116, C.R.S.2012, the trial court entered judgment for Hall for $3,846.80, which was double the amount of covered benefits which the jury found American Standard had unreasonably delayed or denied payment. On her tort claim for bad faith breach of an insurance contract, the trial court entered judgment for Hall for $55,478.92, after adding prejudgment interest to the jury's finding of $40,000 in noneconomic damages. The trial court also directed Hall to submit her request for attorney fees under these statutory provisions.

¶ 3 Hall thereafter filed a motion seeking $103,998.36 in attorney fees and $26,930.95 in costs under section 10–3–1116(1). After the trial court denied certain postjudgment motions filed by American Standard, American Standard filed its notice of appeal in this court in April 2012. A hearing in the trial court concerning the attorney fees and costs issues is now set for November 28, 2012.

¶ 4 However, because Hall's statutory claim has not been fully resolved if attorney fees and costs are a component of damages concerning this claim, this court issued an order to show cause why this appeal should not be dismissed for lack of a final judgment on this basis. The record also does not show a final resolution under C.R.C.P. 58(a) of Hall's other claims against American Standard for breach of contract and outrageous conduct, or of American Standard's cross-claim against another party who otherwise is no longer part of this litigation. Consequently, this court issued an order to show cause why this appeal should not be dismissed for lack of a final judgment on this basis, as well.

¶ 5 In response, the parties agree that the latter three claims have been resolved. However, although Hall contends that the outstanding issues concerning attorney fees

and costs do not affect the finality of the monetary judgment on the statutory claim, American Standard now contends that attorney fees and costs are a component of damages on this claim and that its appeal therefore should be dismissed without prejudice for lack of a final judgment on this basis.

## II.  Final Judgment Required for Jurisdiction

■ ¶ 6 Absent certain exceptions not applicable here, this court has jurisdiction over an appeal taken from a district court ruling only after a final judgment has been entered. *See* C.A.R. 1(a)(1); § 13–4–102(1), C.R.S. 2012. A final judgment is one that "ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 n. 2 (Colo.1982) (quoting *D.H. v. People*, 192 Colo. 542, 544, 561 P.2d 5, 6 (1977)).

## III.  Finality Issues Concerning Resolution of Three Other Claims

■ ¶ 7 We first conclude that a final judgment has not been entered in this case because the trial court has not signed any written order resolving Hall's claims for breach of contract and outrageous conduct and American Standard's cross-claim.

¶ 8 A signed, written order resolving every claim is required for entry of a final judgment from which an appeal may properly be taken. *See* C.R.C.P. 58(a); *In re Marriage of Hoffner*, 778 P.2d 702, 703 (Colo.App. 1989); *see also SMLL, L.L.C. v. Daly*, 128 P.3d 266, 269 (Colo.App.2005).

¶ 9 Here, as noted by the parties, the record shows that the trial court orally granted a directed verdict at trial in American Standard's favor on Hall's outrageous conduct claim. The record also shows that American Standard stipulated to dismissing its cross-claim with prejudice at the outset of the trial. Further, although the parties contend that Hall abandoned or withdrew her breach of contract claim, the record does not show any disposition of that claim by the trial court.

¶ 10 Notwithstanding the parties' agreement that these three claims have been resolved, the trial court has not signed a written order dismissing these claims. Until that occurs, no final judgment has been entered, and this court lacks jurisdiction over this appeal on this basis. *See* C.R.C.P. 58(a); *Hoffner*, 778 P.2d at 703 (similarly dismissing appeal without prejudice for lack of a signed, written order, despite trial court's oral ruling).

¶ 11 Next, we note that, even if the trial court were to sign a written order dismissing these claims under C.R.C.P. 58(a) without resolving the outstanding issues concerning attorney fees and costs on the statutory claim, the finality issues concerning the resolution of the statutory claim would remain. Under these circumstances, as a matter of judicial economy, we will also address these finality issues.

## IV.  Finality Issues Concerning Resolution of Statutory Claim

¶ 12 We also conclude that in view of the outstanding issues concerning attorney fees and costs, a final judgment has not been entered in this case because Hall's statutory claim under sections 10–3–1115 and 10–3–1116 has not been fully resolved.

■ ¶ 13 Generally, "a decision on the merits is a final judgment for appeal purposes despite any outstanding issue of attorney fees." *Baldwin v. Bright Mortg. Co.*, 757 P.2d 1072, 1074 (Colo.1988). Thus, when a statute provides for an award of attorney fees to a prevailing party, an appeal on the merits proceeds separately from an appeal of an award of attorney fees. Numerous Colorado statutes specify that a prevailing party is entitled to an award of attorney fees. *See, e.g.*, § 13–40–123, C.R.S.2012 (forcible entry and detainer action); § 24–34–402.5(2)(b)(I), C.R.S.2012 (termination of employee for lawful activities during nonworking hours); § 38–33.3–123(1)(c), C.R.S.2012 (action under Colorado Common Interest Ownership Act to enforce or defend provisions of act, declaration, or bylaws).

¶14 However, an order or judgment establishing liability without determining damages is not final or appealable. *Grand Cnty. Custom Homebuilding, LLC v. Bell,* 148 P.3d 398, 400 (Colo.App.2006). Consequently, if attorney fees and costs are a component of damages for a statutory claim under sections 10–3–1115 and 10–3–1116, a judgment for damages on such a claim is not appealable until the amount of the attorney fees and costs has been set. *See Ferrell v. Glenwood Brokers, Ltd.,* 848 P.2d 936, 941 (Colo.1993) (when attorney fees are damages, the merits of a lawsuit are not appealable until the amount of fees has been determined).

¶15 Classification of attorney fees as either costs or damages depends on context, and turns on the nature of the requested attorney fees in a particular case. Attorney fees are clearly damages when they are part of the substance of a lawsuit, that is, when the fees sought are the "legitimate consequences" of the tort or breach of contract sued upon, "such as in an insurance bad faith case." *Id.; see Double Oak Constr., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.,* 97 P.3d 140, 150 (Colo.App.2003) (attorney fees awarded as damages under sections 13–17–101 to –106, C.R.S.2012, and the obdurate behavior doctrine).

¶16 Thus, the finality issues concerning the resolution of Hall's statutory claim turn on whether attorney fees and costs are a component of damages for this claim. We conclude that they are indeed a component of damages under section 10–3–1116(1).

¶17 Sections 10–3–1115 and 10–3–1116 create a statutory claim, separate from the common law tort of bad faith breach of an insurance contract, for recovery when an insurer has delayed or denied payment of covered benefits without a reasonable basis. *Vaccaro v. Am. Family Ins. Grp.,* 2012 COA 9, ¶21, 275 P.3d 750, 756.

¶18 Statutory remedies for an insurer's unreasonable delay or denial of benefits are provided in section 10–3–1116(1). In particular, section 10–3–1116(1) authorizes a first-party claimant whose claim for payment of benefits has been unreasonably delayed or denied to bring a district court action "to recover reasonable attorney fees and court costs and two times the covered benefit."

¶19 The interpretation of these statutory provisions is a question of law that we review de novo. *Vaccaro,* ¶15, 275 P.3d at 755. Furthermore, when the statutory language is clear and unambiguous, we need not look beyond its plain terms and must apply the statute as written. *Kyle W. Larson Enters., Inc. v. Allstate Ins. Co.,* 2012 COA 160, ¶10, —— P.3d ——, 2012 WL 4459112.

¶20 In our view, the plain meaning of the statutory language in section 10–3–1116(1) is that the components of damages for this statutory claim are both "reasonable attorney fees and court costs" and "two times the covered benefit." In contrast, prevailing party attorney fee statutes like those noted above usually contain a separate subsection providing for such fees.[1] Moreover, construing attorney fees and costs as a component of damages for this statutory claim is consistent with the statutory authorization to bring such an action expressed in these provisions, because such fees and costs are a "legitimate consequence" of bringing such an action to remedy an insurer's unreasonable conduct. *See Ferrell,* 848 P.2d at 941; *Double Oak,* 97 P.3d at 150; *see also Bell,* 148 P.3d at 400–01.

¶21 Here, the trial court has entered judgment for "two times the covered benefit" on this statutory claim, but has not yet determined the "reasonable attorney fees and court costs" on this statutory claim. Until the amount of these components of damages for this statutory claim is determined, no final judgment has been entered concerning

---

1. It has been suggested that the language of section 10–3–1116(1) is similar in structure to that of 18 U.S.C. § 1964(c), which provides that a person injured by a RICO violation may sue and "shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee," and that courts treat attor-

ney fees awarded under those provisions as costs. *See Stochastic Decisions, Inc. v. DiDomenico,* 995 F.2d 1158, 1166–68 (2d Cir.1993). However, in our view, this language is not similar to that in section 10–3–1116(1), because the federal statute expressly refers to "damages" separately from attorney fees and costs.

this claim, and this court lacks jurisdiction over this appeal on this basis as well. *Cf. Vaccaro,* ¶¶ 9, 13, 275 P.3d at 755 (addressing merits of appeal concerning statutory claim under sections 10–3–1115 and 10–3–1116, and noting that the appeal followed the trial court's adding amounts of attorney fees and costs to previous amount awarded for two times the covered benefit).

■ ¶ 22 We also find unpersuasive Hall's arguments opposing our conclusion that attorney fees and costs are components of damages for this statutory claim.

¶ 23 As noted by Hall, the amount of attorney fees and costs is determined by the trial court rather than by the jury. Contrary to her argument, however, that fact does not preclude their classification as components of damages for this statutory claim. When attorney fees "are treated as damages, they are often awarded and set by a court, even in a jury trial." *Ferrell,* 848 P.2d at 941 (quoting 1 Mary Frances Derfner & Arthur D. Wolf, *Court Awarded Attorney Fees* ¶ 1.02, at 1–9 (1992)); *accord Double Oak,* 97 P.3d at 149. Moreover, other components of damages for Hall's claims in this case were also determined by the trial court rather than by the jury, as the trial court doubled the jury's determination of the covered benefits on the statutory claim and awarded prejudgment interest on the bad faith tort claim.[2] *See Bell,* 148 P.3d at 401 (prejudgment interest is a component of damages).

■ ¶ 24 We also reject Hall's argument that American Standard was judicially estopped from arguing, in response to this court's show cause order, that no final judgment has been entered when it previously took a contrary position. Notwithstanding its previous position, American Standard was free to reconsider its initial position in responding to the show cause order. We also note again that the finality issues are jurisdictional. Consequently, the positions taken by the parties are not determinative in any event, because the parties cannot confer ju-

risdiction on this court. *See Soto v. Progressive Mountain Ins. Co.,* 181 P.3d 297, 300 (Colo.App.2007); *Arevalo v. Colo. Dep't of Human Servs.,* 72 P.3d 436, 437 (Colo.App. 2003).

¶ 25 Finally, in view of the lack of a final judgment, Hall's motion to dismiss the appeal with prejudice as untimely filed is denied as unfounded.

¶ 26 Accordingly, the appeal is dismissed without prejudice for lack of a final judgment.

Judge DAILEY and Judge BOORAS concur.

---

2. *Ferrell* also states that when attorney fees are considered to be damages, they "must be determined by the trier of fact and proven during the damages phase." 848 P.2d at 941. However, the General Assembly has the authority to pro-

vide for an award of attorney fees as damages and to provide for their determination by the trial court rather than by the jury, and we conclude it has done so concerning the statutory claim authorized under section 10–3–1116(1).