The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
April 16, 2020

## 2020COA70

**No. 19CA1458, *Interest of Chavez* — Appeals — Final Appealable Order — Colorado Rules of Appellate Procedure — Motions**

A division of the court of appeals holds that a party filing a notice of appeal should not also file a motion asking the court to determine whether the appeal is premature.

COLORADO COURT OF APPEALS **2020COA70**

Court of Appeals No. 19CA1458
Douglas County District Court No. 18PR30128
Honorable Patricia D. Herron, Judge

In the Interest of

Marie M. Chavez

and

Gilbert M. Chavez,

Appellant and Cross-Appellee,

v.

Teresa Chavez, Conservator,

Appellee and Cross-Appellant.

APPEAL AND CROSS-APPEAL DISMISSED

Division A
J. Jones, Welling, and Grove, JJ.
PER CURIAM

Announced April 16, 2020

Gill & Ledbetter, LLP, Anne Whalen Gill, Castle Rock, Colorado, for Appellant and Cross-Appellee

Wade Ash Woods Hill & Farley, P.C., Jody J. Pilmer, Denver, Colorado, for Appellee and Cross-Appellant

¶ 1    In this probate matter, counsel for appellant Gilbert M. Chavez (son) filed a notice of appeal on behalf of son with a "motion to determine jurisdiction." We conclude that the appeal is clearly premature and take this opportunity to clarify the court's procedure for reviewing motions and screening appeals for jurisdictional defects. We also disapprove of counsel's use of a "motion to determine jurisdiction," as it improperly shifts counsel's obligation to ascertain finality to this court while seeking what ultimately is an advisory opinion. Therefore, we dismiss the appeal and cross-appeal without prejudice for lack of a final order.

## I.    Procedural Background

¶ 2    The underlying probate matter began in March 2018 when Teresa Chavez (daughter) filed a petition for appointment of a conservator for Marie M. Chavez (mother). In the petition, daughter alleged that son had, without authority, quitclaimed mother's home to himself and his wife for no consideration. She also alleged that son had added himself to multiple bank accounts owned by mother and then transferred large sums from those accounts to bank accounts controlled solely by son and for his individual benefit.

¶ 3    The district court appointed daughter as conservator for mother in August 2018, and on September 14, 2018, daughter filed a petition against son claiming, in pertinent part, breach of fiduciary duty, civil theft, unjust enrichment, and surcharge.

¶ 4    In February 2019, the court held a five-day jury trial on the petition, and the jury returned verdicts against son for breach of fiduciary duty, civil theft, and unjust enrichment.

¶ 5    On April 1, 2019, the district court entered an "order regarding the jury verdicts of February 15, 2019 and other matters" in which the court addressed the claims reserved for the court after the jury trial.  Of note, that order states as follows:

> [Daughter] seeks a surcharge against [son] for any damage or loss to [mother's] estate pursuant to § 15-10-504(2), C.R.S.  [Daughter] intends to submit a Bill of Costs which will also include an affidavit of attorney's fees.  The Court will review the submissions upon filing.
>
> . . . .
>
> [Daughter] seeks the damage determination rendered by the jury regarding the civil theft claim be trebled and that the estate receive an award of its attorney's fees and costs. [Daughter] believes that the $70,901.17 paid by [son] prior to the beginning of trial be recognized as an offset.

> The $70,901.17 is recognized as an offset. As this amount was paid prior to trial it does not negate the finding of theft but it results in a complete offset and the resulting judgment is zero. There is nothing to treble. The Court will award attorney's fees as provided by statute and the Court will await the submission of the affidavit of attorney's fees.

¶ 6    On August 6, 2019, counsel for son filed a notice of appeal on his behalf, along with a "motion to determine jurisdiction" with this court.[1] In the section of the notice of appeal where counsel is to

---

[1] The Colorado Appellate Rules do not expressly permit the type of motion we address here. *See* C.A.R. 27. Nonetheless, we acknowledge that a part of the Colorado Practice Series on Appellate Law authored by son's counsel includes the following under a section titled "Protective notice of appeal":

> Sometimes a litigant is unsure whether there is a final judgment, or an attorney is unsure whether a client will choose to pursue an appeal. They may be unable to resolve this concern within the time for filing a notice of appeal. These are two reasons for filing a so-called "protective notice of appeal." The purpose of a protective notice of appeal is to preserve the right to appeal when a litigant is unsure whether the order is final or counsel is unsure whether the client will want to pursue an appeal. . . . If the role of the protective notice of appeal is to determine whether the order is appealable, counsel may want to file a motion to determine jurisdiction. This will allow the Court of Appeals to promptly resolve

indicate whether there is a final judgment, counsel writes, "There is a question whether the judgment is final. There are issues as to attorney fees under the civil theft statute and as to prejudgment interest." The accompanying motion states, in its entirety, as follows:

> Gilbert Chavez, through undersigned counsel, requests this Court to determine its jurisdiction over the appeal he filed August [6], 2019. As grounds, he states:
>
> 1. The notice of appeal identified an April 1, 2019 order on jury verdicts and a June 17, 2019 Order on post-trial motions as the orders challenged in the appeal.
>
> 2. In the notice of appeal, Appellant indicated there is question whether these orders are final for purposes of appeal.
>
> 3. The issue of prejudgment interest has not been decided. Pursuant to *Grand County Custom Homebuilding, LLC v. Bell*, 148 P.3d
>
> ---
>
> the appealable nature of the order and set everyone's mind at ease as to whether the appeal will go forward or whether the order is not appealable and trial proceedings should continue.

18 Anne Whalen Gill, *Colorado Practice Series: Appellate Law and Practice* § 12:13, Westlaw (3d ed. database updated Aug. 2019). As we discuss in more detail later, we disapprove of counsel's use of a motion to determine jurisdiction.

398, 401 (Colo. App. 2006), prejudgment interest is a component of damages and the amount of prejudgment interest must be determined for the judgment to be final. See also *Hall v. American Standard Life Ins. Co. of [Wis.]*, 2012 COA 201, 292 P.3d 1196; *Andrews v. Picard,* 199 P[].3d 6 (Colo. App. 2007).

4. Counsel understands that there is also an issue of attorney fees outstanding. If the fees are part of damages, they[] too must be determined for the judgment to be final.

WHEREFORE Appellant requests this Court to determine whether the challenged orders are final and ripe for appeal.

¶ 7    Counsel for daughter filed a notice of cross-appeal on August 19, 2019. It states:

[Daughter] affirmatively asserts that in addition to not yet having ruled upon the issues of civil theft damages in the nature of attorney fees and costs and the issue of pre and post judgment interest as damages, the trial court has not yet ruled on the issue of attorney fees and costs in the nature of surcharge damages as permitted by C.R.S. § 15-10-504(2) and specifically pled by [daughter].

¶ 8    After review by a member of this court's staff, the motion to determine jurisdiction was presented to this division for a ruling. We deferred ruling and ordered counsel to address why the court

should not award attorney fees and costs related to the premature notice of appeal against her individually based on her affirmative statement that prejudgment interest had yet to be calculated to a sum certain, with citation to uniform authority from this court that such a deficiency defeats finality.[2]

¶ 9    Counsel responded, arguing as follows:

- "The issue of whether there are orders ripe for appeal is less clear than the November 13, 2019 order suggests."

- "[F]ollowing *Scott v. Scott,* 136 P.3d 892 (Colo. 2006), it has been challenging to determine which orders in probate proceedings trigger the time to appeal."

- "Counsel has advanced legal argument to support her request for this Court to determine jurisdiction, based on the actions in the trial court which suggest finality and ripeness for appeal.  She complied with her duty under Colo. R. P. 1.3 in promptly raising a threshold question

---

[2] Though both H.J. "Jay" Ledbetter and Ms. Gill entered appearances on behalf of son, we ordered only Ms. Gill to show cause because she signed both the notice of appeal and the motion to determine jurisdiction.

whether this matter is ripe for appeal. Raising the question is not frivolous under Colo. R. P. 3.1 as there are indications in the record that the trial court and the parties in the trial court were acting as if there was a final judgment."

- "Counsel has advanced a rational argument and relied on this Court's historical approach to determining jurisdiction as a threshold matter. *See Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo. 1984)."

- "If counsel's actions improperly instigated or prolonged litigation, this is a change of policy for this Court."

¶ 10     We now make the order to show cause absolute and dismiss the appeal without prejudice for lack of a final judgment.

### II.     Motions Practice in the Court of Appeals

¶ 11     Motions practice is quite limited in the appellate context. C.A.R. 27 covers the filing and resolution of motions in this court. *See* C.A.R. 27(a)(2)(A) ("A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it."); C.A.R. 27(b) ("The court may act on a stipulated motion signed by all parties or a motion for a procedural

order, including a motion under Rule 26(b), at any time without awaiting a response."); C.A.R. 27(c) ("[A] single . . . judge may act alone on non-dispositive motions and on voluntary or uncontested dispositive motions. . . . The court or a division of the court may review the action of a single . . . judge.").

¶ 12     When a party to an appeal files a motion, most often a staff attorney reviews the motion and then it is either ruled on or presented to one or three judges for resolution.[3]  The three judge panel determining motions rotates monthly and is generally referred to as the "motions division."  James S. Casebolt, *Procedures and Policies of the Colorado Court of Appeals*, 24 Colo. Law. 2105, 2105 (1995); *see also Colorado Appellate Handbook* § 11 (Hon. Alan M. Loeb ed., 2017 ed.).  In contrast, the division considering the merits of an appeal is colloquially called the "merits division."  *See In re Marriage of January*, 2019 COA 87, ¶ 9.

---

[3] A general overview of the protocols of the court of appeals, including the types of staff employed by the court, can be found on the court of appeals' website, Colorado Judicial Branch, *Protocols*, https://perma.cc/7W6K-4P6V.

¶ 13　Because the court of appeals is a divisional court, § 13-4-106(1), C.R.S. 2019, "all divisions function independently from each other . . . . Each independent panel decides its cases in light of its own interpretation of binding and persuasive authority." Casebolt, 24 Colo. Law. at 2106. Accordingly, while a division may defer to the determination of another division, divisions are not bound by the decisions of other divisions — including a motions division. *Allison v. Engle*, 2017 COA 43, ¶ 22 (merits division is not bound by a motions division's determination of jurisdiction); *People in Interest of A.V.*, 2012 COA 210, ¶ 11 n.1 ("One division is not bound by the holding of another division.").

¶ 14　Meanwhile, all civil cases are screened by court staff for jurisdictional defects. This screening is independent of the presentation of any motions and is part of the court's obligation, discussed in Part III below, to ensure that it has jurisdiction over an appeal. When there is a question regarding the court's jurisdiction raised by court staff, the court will issue an order to show cause directing the appellant or the parties to address the court's concerns. Responses are routinely presented to a motions division for resolution. In general, a motions division will either (1)

discharge the show cause order; (2) dismiss the appeal with or without prejudice; or (3) defer the jurisdictional issue to a merits division.[4]

¶ 15 Jurisdictional screening can occur at any time during the life of an appeal, as it is counsel's obligation to ensure the order on appeal is final and the notice of appeal is timely filed. C.A.R. 4(a).

¶ 16 Our concern about premature notices of appeal is not technical or academic. Premature appeals create significant wastes of time and resources. The appellate court (and the parties) unnecessarily expend resources when a party pursues a premature appeal. And perhaps more importantly, because the filing of a notice of appeal deprives the lower court of jurisdiction, unresolved claims and issues languish, postponing true finality. This case

---

[4] A similar process is followed when a party raises a jurisdictional issue in a motion to dismiss. The motion to dismiss will be presented to a motions division, and the motions division will decide whether to order a response. Once the motion to dismiss is briefed, the motions division will generally either (1) grant the motion to dismiss and dismiss the appeal with or without prejudice; (2) deny the motion to dismiss; or (3) defer ruling on the motion to dismiss to a merits division. As discussed in the penultimate paragraph of Part V below, if the motions division opts for the second option — denying the motion — the merits division is free to revisit the motions division's denial of the motion.

illustrates the point, as the district court has been unwilling and perhaps unable to act on the postjudgment interest and damages issues while the appeal remains pending.

¶ 17     With that backdrop, we turn to counsel's request that a motions division determine for her whether the order she seeks to appeal on her client's behalf is final and appealable.

### III.    Appellate Jurisdiction

¶ 18     Appellate jurisdiction boils down to three basic concepts: subject matter jurisdiction, timeliness, and finality.

¶ 19     Subject matter jurisdiction is determined by statute.  § 13-4-102(1)(b)-(h), C.R.S. 2019 (listing final judgments over which the court of appeals does not have initial jurisdiction).

¶ 20     Timeliness is determined by the Colorado Appellate Rules. C.A.R. 4(a) (a notice of appeal in a civil case must be filed within forty-nine days of a final judgment).

¶ 21     And finality is determined by case law.  *See generally Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 n.2 (Colo. 1982) ("Absent an applicable exception provided by rule or statute, an appeal lies only from a final judgment 'which ends the particular action in which it is entered, leaving nothing further for the court

pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding.'" (quoting *D.H. v. People*, 192 Colo. 542, 544, 561 P.2d 5, 6 (1977))).

¶ 22　An appellate court must always be satisfied that it has jurisdiction to hear an appeal. *People v. S.X.G.*, 2012 CO 5, ¶ 9; *Allison*, ¶ 22 ("We must determine independently our jurisdiction over an appeal, nostra sponte if necessary."). Further, a court has no authority to expand its jurisdiction. *People in Interest of L.R.B.*, 2019 COA 85, ¶ 15; *cf. Bowles v. Russell*, 551 U.S. 205, 214 (2007) (The United States Supreme Court "has no authority to create equitable exceptions" to its jurisdictional requirements.).

## IV.　Finality

¶ 23　A cursory review of the relevant authority clearly establishes that there is no final judgment for appellate review.

¶ 24　The court of appeals has initial jurisdiction over "final judgments" of the district courts. § 13-4-102(1). As noted, a final judgment is "one that ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in

the proceedings." *People v. G.S.*, 2018 CO 31, ¶ 37 (quoting *People v. Guatney*, 214 P.3d 1049, 1051 (Colo. 2009)).

> [T]he same rules of finality apply in probate cases as in other civil cases; thus, an order of the probate court is final if it ends the particular action in which it is entered and leaves nothing further for the court pronouncing it to do in order to completely determine the rights of the parties as to that proceeding.

*Scott*, 136 P.3d at 896.

¶ 25    The motion to determine jurisdiction concedes, consistent with the assertion in the notice of appeal, that "[t]he issue of prejudgment interest has not been decided." It further states, again consistent with the assertion in the notice of appeal, that "[c]ounsel understands that there is also an issue of attorney fees outstanding." And indeed, the order attached to the notice of appeal makes clear that attorney fees remain outstanding for the surcharge claim.[5] For both of these reasons (either of which would be sufficient), there is no final judgment for appeal.

---

[5] There is also an unresolved issue of attorney fees on the civil theft claim. If those attorney fees are damages (and not costs), the lack of resolution of that issue too would impair finality. But because there are two clear barriers to finality, we do not need to decide

## A. Prejudgment Interest

¶ 26    First, we have the unresolved issue of prejudgment interest. "[B]ecause prejudgment interest is awarded as a consequence of the losing party's tortious action or breach of contract," it is a component of damages. *Grand Cty. Custom Homebuilding, LLC v. Bell*, 148 P.3d 398, 401 (Colo. App. 2006). "Under the principle that prejudgment interest is damages, the interest awarded must be reduced to a sum certain before the judgment containing the award becomes final for purposes of appeal." *Id.* In fact, the motion to determine jurisdiction cited *Grand County Custom Homebuilding.*

## B. Surcharge

¶ 27    Second, we have unresolved attorney fees as a component of surcharge damages.

> If a court, after a hearing, determines that a breach of fiduciary duty has occurred or an exercise of power by a fiduciary has been improper . . . the court may surcharge the fiduciary for any damage or loss to the estate, beneficiaries, or interested person. *Such damages may include compensatory damages, interest, and attorney fees and costs.*

whether attorney fees awardable under the civil theft statute are damages or costs.

14

§ 15-10-504(2)(a), C.R.S. 2019 (emphasis added); *see Hall v. Am. Standard Ins. Co.*, 2012 COA 201, ¶ 15 ("Attorney fees are clearly damages when they are part of the substance of a lawsuit, that is, when the fees sought are the 'legitimate consequences' of the tort or breach of contract sued upon . . . .") (citation omitted); *cf. Hall,* ¶¶ 18-20 (attorney fees awardable under insurance bad faith statute were damages because the statute includes fees as a remedy along with other remedies for bad faith and such fees are a "legitimate consequence of an insurer's unreasonable conduct"); *Heller v. First Nat'l Bank of Denver*, 657 P.2d 992, 999-1000 (Colo. App. 1982) (attorney fees are awardable in a breach of trust action to make the injured party whole; approved of in *Buder v. Sartore*, 774 P.2d 1383 (Colo. 1989)). The motion cited *Hall* as well.

¶ 28 "[A]n order establishing liability without determining damages is not final or appealable." *Grand Cty. Custom Homebuilding*, 148 P.3d at 400; *accord, e.g., Harding Glass*, 640 P.2d at 1126; *Ball Corp. v. Loran*, 42 Colo. App. 501, 502-03, 596 P.2d 412, 413 (1979). "[I]f attorney fees and costs are a component of damages for a statutory claim . . . , a judgment for damages on such a claim is

15

not appealable until the amount of the attorney fees and costs has been set." *Hall*, ¶ 14.

### C.    *Scott*

¶ 29    Counsel's reliance on *Scott* to justify the filing of a premature notice of appeal and accompanying motion to determine jurisdiction is misplaced.

¶ 30    The issue in *Scott* was whether finality in the probate context works differently than it does other cases. The supreme court held that it does not. Rejecting decisions by divisions of this court saying that "[t]he test for determining finality is whether the order disposes of and is conclusive of the controverted claim for which that part of the proceeding was brought," *In re Estate of Binford*, 839 P.2d 508, 510 (Colo. App. 1992), the supreme court held "that the same rules of finality apply in probate cases as in other civil cases; thus, an order of the probate court is final if it ends the particular action in which it is entered and leaves nothing further for the court pronouncing it do so in order to completely determine the rights of the parties as to that proceeding." *Scott*, 136 P.3d at 896.

¶ 31    A "proceeding" in the probate context, the court said, is, if not prescribed by the probate code, framed by a petition. *Id.* at 896-97. All "[s]ubsequent pleadings which relate to that set of claims [set forth in the petition] are part of the same proceeding." *Id.* at 897; *see also In re Estate of Gadash,* 2017 COA 54, ¶¶ 23-36 (further elucidating *Scott*'s definition of a proceeding in a probate case).

¶ 32    In our view, *Scott* clarified the issue of finality in probate cases; it did not further muddy the waters. But whatever a "proceeding" means after *Scott,* this much is undeniable: an order in a probate proceeding is not final and appealable unless it finally disposes of the claims in the proceeding according to the well-settled test of finality.

¶ 33    In this case, given that the issues of prejudgment interest and attorney fees and costs as components of damages have yet to be determined, the April 1, 2019, order cannot be considered final no matter the meaning of a probate proceeding after *Scott*.[6] In short,

---

[6] A straight-forward application of *Scott* in this case shows that the proceeding comprises the claims in daughter's petition against son.

nothing in *Scott* rendered the answer to the finality question in this case less clear than it had been under prior case law.

## V.     Protective Notices of Appeal

¶ 34     Not all questions of finality are as clear as the ones presented in this case. *See, e.g., Heotis v. Colo. Dep't of Educ.*, 2016 COA 6. To be sure, there may be relatively rare occasions when it is appropriate for counsel, truly uncertain of a case's status even after diligently investigating the issue of finality, to file a notice of appeal to ensure the protection of a client's appellate rights. *See United States v. Owen,* 553 F.3d 161, 165 (2d Cir. 2009) ("[A] 'protective' notice of appeal is a useful litigation tool where, as here, the timeliness of a subsequent appeal could be called into question."); *Prod. Credit Ass'n v. Alamo Ranch Co.*, 951 F.2d 1260, 1991 WL 275641, at *2 (10th Cir. Dec. 24, 1991) (unpublished table decision) ("Due to the confusion" about whether there was a final, appealable order, "[d]efendant reasonably filed a protective notice of appeal."); *see also Smith v. State*, 559 S.W.3d 527, 534 (Tex. Crim. App. 2018) (A premature notice of appeal may "relate forward" to a final judgment in order to "protect an unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly

18

believes to be final."); *cf. Musick v. Woznicki,* 136 P.3d 244, 251 (Colo. 2006) (holding that a trial court is not divested of jurisdiction when a party files an appeal before the appealed ruling has been certified under C.R.C.P. 54(b)).

¶ 35 But the situation presented to us is not exceptional. Nor, even if it were, would it be appropriate for counsel to seek what amounts to an advisory opinion on jurisdiction. Instead, counsel must exercise her own professional judgment to determine, after research, if a protective notice of appeal may be appropriate, while noting any uncertainty in the "statement indicating the basis for the appellate court's jurisdiction" that C.A.R. 3(d)(2)(B) requires. An appellee who believes that a notice of appeal is premature may bring that issue to the court's attention by promptly filing a motion under C.A.R. 27, and, if necessary, this court may impose sanctions against an attorney who files a protective notice of appeal frivolously, groundlessly, or for improper purposes.

¶ 36 To put a finer point on it, counsel has the obligation to determine in the first instance whether there is a final, appealable order, and should make that determination in a diligent and informed manner. That did not happen here. Rather, counsel

placed the onus of determining the finality of the judgment on this court by filing a motion, together with a clearly premature notice of appeal, asking us to "determine whether the challenged orders are final and ripe for appeal."

¶ 37    Understanding that we must always ensure that we have jurisdiction to determine an appeal, *Allison*, ¶ 22, we are not obligated to act as advocates or do the work of counsel, *see, e.g., Sanchez v. Indus. Claim Appeals Office*, 2017 COA 71, ¶ 62; *Loomis v. Seely*, 677 P.2d 400, 402 (Colo. App. 1983). Indeed, as aptly put by the Illinois Appellate Court, "[t]he appellate court 'is not merely a repository into which an appellant may dump the burden of argument and research . . . .'" *Ravenswood Disposal Servs. v. Ill. Workers' Comp. Comm'n*, 133 N.E.3d 1261, 1270 (Ill. App. Ct. 2019) (quoting *U.S. Bank v. Lindsey*, 920 N.E.2d 515, 535 (Ill. App. Ct. 2009)).

¶ 38    Moreover, because we are a divisional court and, therefore, the merits division assigned the case can disagree with the motions division's conclusion that this court has jurisdiction, counsel seeks what is potentially an advisory opinion on finality from a motions division. *Allison*, ¶ 22 (disagreeing with motions division's

determination of jurisdiction); *Madison Capital Co. v. Star Acquisition VIII*, 214 P.3d 557, 559 (Colo. App. 2009) (disagreeing with motions division's order on finality); *Hillen v. Colo. Compensation Ins. Auth.*, 883 P.2d 586, 588 (Colo. App. 1994) (dismissing appeal based on untimely filing of notice of appeal despite motions division's denial of motion to dismiss on that basis); *see also Stor-N-Lock Partners #15, LLC v. City of Thornton*, 2018 COA 65, ¶ 38 ("[W]e must avoid issuing advisory opinions.").[7]

¶ 39    We therefore explicitly disapprove of the practice of filing motions such as the one we consider here.

---

[7] Some decisions of the motions division are not advisory: decisions that determine rights or resolve an issue in a way that is final — that is, not subject to further review by a merits division — would not be advisory. *See, e.g., People in Interest of N.S.*, 2017 COA 8, ¶¶ 12-18 (motions division determines jurisdiction and resolves the merits of the appeal); *Romero v. City of Fountain*, 307 P.3d 120, 121-22 (Colo. App. 2011) (motions division denies stay pending appeal); *People v. Hill*, 296 P.3d 121, 123 (Colo. App. 2011) (motions division denies motion to file an amended notice of appeal). Indeed, this case is such a case. But a determination to allow a case to proceed to the merits division notwithstanding a question of finality presents no such finality because there the merits division is free to reach a contrary conclusion and its decision, not that of the motions division, controls.

## VI. Conclusion

¶ 40    The appeal and cross-appeal are dismissed without prejudice.